

**Department of Administration**

OFFICE OF PUBLIC ADVOCACY

900 W 5th Ave, Suite 525
Anchorage, Alaska 99501
Main: (907) 269-8888
Fax: (907) 334-2454
www.doa.alaska.gov/opa/

Alaska Bar Association
ATTN: Mark Woelber
P.O. Box 100279
Anchorage, AK 99510
Via EMAIL

July 11, 2022

Re:     Response to Attorney Grievance ABA File No. 2022D098

Dear Mr. Woelber,

I am in receipt of an Attorney Grievance dated June 23, 2022 by Paul James, Jr., ABA File No.
2022D098. Mr. James' grievance includes many handwritten pages of citations to case law, and I
am unable to ascertain how any of this applies to issues he is raising with my representation
specifically. As best I can tell, Mr. James' complaints with me are located on page 2 of his
Attorney Grievance Form and on OPA's client complaint form attached to the Attorney
Grievance Form. Thus, I have based my response on what I was able to glean from those
statements in particular.

From those documents, I gather that Mr. James complains about (1) statements he claims I made
during our meetings, and specifically about his prior convictions, and relatedly (2) claims that I
am unwilling to explore all defenses that may be available to Mr. James for his trial; (3) claims
that I am "harass[ing]" him, "misrepresent[ing]" him, "making 'retaliation' on [him],"
"'violating all of [his] human rights' for a fair act of 'representation'," "'defending' [his] victim
and the district attorney's [sic];" (4) that OPA has a conflict of interest with his case.

The claims that Mr. James' makes about comments I made to him, namely those on page 2 of his
attorney grievance form and on the OPA client complaint form are simply untrue. I represent Mr.
James in an unclassified felony case (4EM-19-00027CR) where he is charged with 17 felonies,
the majority of which are sexual felonies and other assaultive felonies. During our in-person
meetings, I have attempted to speak with Mr. James substantively about his case. We have
discussed trial strategy, and the varying degrees of success each defensive strategy might have.
As is ethically required, I provide Mr. James with an honest assessment of his likelihood of
success with any strategy we discuss based on the evidence that exists in his case. As part of that
strategy discussion, we have discussed how his prior convictions for sexual assault and

allegations of uncharged sex offenses may come into evidence at trial depending on which strategy we choose. I have never spoken with Mr. James about any rights he may or may not have to pursue post-conviction relief in those cases. I understand that he is currently represented by Elizabeth Friedman on a PCR matter, and she would be the appropriate person with which to discuss potential PCR claims. I am not as I do not practice post-conviction or appellate work.

As to Mr. James' general complaints of harassment, retaliation, defending the district attorney and complaining witness, violations of his human rights, etc., I deny these claims to the extent that I understand them. I took this case over from a former colleague, Bill Taylor, in September 2021 when Mr. Taylor took a position with the Public Defender Agency. Since that I time, I have spoken with Mr. James on approximately 5-6 occasions, 1 via Teams video I arranged right after I was assigned his case, 2 in person visits I've arranged during trips I've taken to Bethel, and 2-3 phone calls I have fielded from Mr. James. Mr. James and I met most recently to discuss his case on June 14, 2022. From my perspective, this was our most productive meeting to date. Mr. James has requested trial in his matter, and this was scheduled, per his request, as a date certain trial to occur in January 2023. I plan to continue setting up meetings as needed with Mr. James to work on our trial strategy to make sure that we are crafting the best defense possible for him. These meetings will take place with increasing frequency as our trial dates approach. These meetings are meant to help Mr. James understand his rights and the trial process as well as to discuss what our strategy will be.

Lastly, OPA's Rural Defense Section does not have a conflict with Mr. James' matter, nor do I personally have a conflict with representing Mr. James. There are rules governing when attorneys must withdraw from cases, and none of them apply to Mr. James' case at this time.

Please let me know if you have any additional questions or concerns.

**Verification Pursuant to Alaska Bar Rule 22(a)**

*The information I have provided is true and correct to the best of my knowledge and belief.*

Sincerely,

OFFICE OF PUBLIC ADVOCACY

*Julia C Metzger*
Julia Metzger
Assistant Public Advocate
Direct: 907-269-6650
Email: julia.metzger@alaska.gov

# OFFICE OF PUBLIC ADVOCACY
# CLIENT COMPLAINT FORM

**If you wish to make a complaint against your attorney, please complete this form and submit it to the Supervising Assistant Public Advocate in the office in which your case is being handled. Attached is a listing of OPA offices. The Supervising Assistant Public Advocate may contact you in person or by telephone for further information if needed.**

Date: 6-29-2022

Your Name: Paul, R. James Jr.

Your Address: YkCC Pouch 400 Bethel, AK 99559

Your Phone Number: (907)-543-5245

Your Attorney's Name: Julia Metzger, (907)-269-6650

Your Complaint: My attorney Julia is making "RETALIATION" on to me from her first day of taking my case, Julia's been "Discriminating" or "Harassing" me, and "Violating all my Human Right's" for a fair act act of "Representation". Julia is "Defending" my victim and the District attorney's, she told me, "You been convited of sexaul assault's from the year of 2004, to the year of 2013, and you have "NO" rights to file PCR on that attorney, you have NO sights to get out of Jail, your being convited of this case-your on now, your guilty of all your cases." On this month, date above, she told me, whein we go to Trial i'll try to make the jury's get you guilty on ONE case. This is the "Act" of "HARASSMENT." "Conflict of Interest with OPA Law Firm."

**Submit your complaint to your Supervising Assistant Public Advocate. Attached is a listing of OPA offices.**

The Supervising Assistant Public Advocate will make an initial decision regarding any action to be taken.



**Supreme Court**

**Court of Appeals**

**State of Alaska**

**MEREDITH MONTGOMERY**
Clerk of Court

303 K Street
ANCHORAGE, ALASKA
99501-2084
(907) 264-0612

**RYAN MONTGOMERY-SYTHE**
Chief Deputy Clerk

December 19, 2023

Paul James #439530
Yukon Kuskokwim Correctional Center
Pouch 400
Bethel, AK 99559

Re:  *Blank Money Order for $250.00, S-18887, 4BE-19-00457CI, Paul James v. State*

Dear Mr. James:

 Last week my office received an envelope containing a USPS Postal Money Order (serial number 28987105702) in the amount of $250.00. The envelope containing the money order did not include a return address, and the money order is completely blank. The envelope did include your name and superior court case number 4BE-19-00457CI.

 In your Alaska Supreme Court petition for hearing matter in supreme court case number S-18887 (related to superior court case number 4BE-19-00457CI), the supreme court recently ordered you to pay a $3.50 filing fee, not $250.00. Because I do not want to have you pay more then you've been ordered to pay, I'm hoping I can return this money order to whoever purchased it on your behalf. I've spoken with an official at the Yukon Kuskokwim Correctional Center, and they informed me that mailing the money order to you at the facility would not work.

 Can you or your attorney, Michael Horowitz, please provide me with a name and address for the person who purchased the money order? If not, can you provide me with a name and address where I can send the money order? The court is still awaiting payment for the $3.50 filing fee in S-18887.

# In the Court of Appeals of the State of Alaska

| | |
|---|---|
| **Paul James, Jr.,** | Court of Appeals No. **A-13907** |
| Appellant, | **Clerk's Decision & Notice of Intent to Enter Judgment Concerning Court-Appointed Attorney** |
| v. | |
| **State of Alaska,** | Date of Notice: **4/19/2024** |
| Appellee. | |

Trial Court Case No. **4BE-19-00457CI**

        The clerk has reviewed appellant's opposition to entry of judgment for cost of appointed attorney. Appellant opposes entry of judgment because he believes his conviction was reversed on appeal, because he believes the clerk or court is proposing to enter more than one judgment against him, and because his attorney never told him what's going on with his case or mailed papers.

        Because appellant's conviction was not reversed on appeal, it is still the clerk's intention to enter a judgment against appellant requiring the payment of **$1,500.00** for the costs of the court-appointed attorney's work in preparing the felony PCR appeal.

        If appellant wishes to have a judge review the clerk's decision, appellant must file the enclosed "Request for Review of Clerk's Intention to Enter Judgment" on or before **6/3/2024**. If appellant does not file the request by that date, a judgment for **$1,500.00** will be entered against appellant. If appellant files the request by that date, it will be submitted to a judge to determine whether judgment should be entered, and, if so, in what amount.

        Entered under Appellate Rule 209(b).

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT _____ **BETHEL** _____

In the Matter of the Application
for Post-Conviction Relief of

)
)
)
)
)
)
)
)  CASE NO. 4BE-24-00219 _____ CI
)
PAUL R. JAMES, JR. _____ )
(Name of Applicant)  )  **ORDER RE**
_____ )  **APPOINTMENT OF COUNSEL**

IT IS ORDERED:

The request for appointment of counsel is

☒  GRANTED. PDA _____ is appointed to represent
the applicant in this case.

If the application for post-conviction relief is denied, the applicant will be
ordered to pay part of the cost of appointed counsel pursuant to Criminal
Rule 39. Applicant is ordered to notify the court if applicant's employment
changes or if applicant receives money or other assets not previously
reported to the court.

☐  DENIED.

02/13/2025 _____
Date

_____
Judge

Nathaniel Peters _____
Type or Print Name

I certify that on _2|14|25_,
a copy of this order was sent to:

☒ Applicant
☒ Appointed Counsel _PDA_
☒ Prosecuting Attorney _____

Clerk: _KR_

FILED IN THE TRIAL COURTS
STATE OF ALASKA
BETHEL SERVICE AREA

FEB 05 2025

By ............
DEPUTY CLERK

IN THE DISTRICT/SUPERIOR/SUPREME COURT FOR THE STATE OF ALASKA
AT _Bethel, Ak 99559_

Paul R. James Jr.                    )
                                     )
     vs.                             )
                                     )
State of Alaska                      )
                                     )
                                     )
                                     )
                                     )
                                     )    CASE NO. _4BE-24-00219 CI_
                                     )
_____)

**PRISONER REQUEST FOR
FILING FEE EXEMPTION**

I, _Paul R. James Jr._ , request exemption from paying
(name of prisoner)
part of the filing fee in this civil litigation against the State of Alaska. As required by AS
09.19.010, I am submitting to the court:

1.    the following affidavit, and

2.    the attached certified copy of my account statement for the past six months from the
      Department of Corrections.

AFFIDAVIT

I swear or affirm under penalty of perjury that the following information is true to the best of
my knowledge and belief.

1.    I am a prisoner at _Goose Creek Correctional Center, 22301 W. Alsop Road, Wasilla, Ak 99623_
                        (name of correctional facility)

2.    I am attaching a filled out Financial Statement on court form CR-206.

3.    The circumstances that prevent me from paying the full filing fee are:
      _I have "NO" banck Account, I work in GCCC kitchen, and I_
      _get 30.00 Dollar's a month, the rest go's into Childsuport, some_
      _day's month's, I get littel over 20.00 Dollar's into my money_
      _account. Copies going to, ABA, and Washington D.C. Justice_
      _Department_

4.    Nature of action:        ☐ application for post conviction relief
                               ☒ civil lawsuit
                               ☐ appeal of a civil judgment
                               ☐ appeal from final decision of an administrative agency
                               ☐ other: _____

AS 09.19.010 & .100
Adm. R. 10(e), Crim R. 35.1(e)
App. R. 204(b)(4) & 209(a)(6)

5. The following specific facts will, when proven, state a claim on which relief can be granted or entitle me to reversal on appeal;

My 2 attorney(s) "Represented" my Victem, and the District attorney State of Alaska, also "Tampered" with all my Witnesses, and my attorney Kaytie "Mead Sexual Acts" with the jury person, name Ken, dering my trial, Julia told me, "I'll Never give the court your statement, so that you'll Never get out of jail, you belong in Preson, I will Never let the Jury's hear your "Truth", After my Trial, my 2 attorney's gave the D.A. Hi five, saying, "We got him to Preson, by the judge's Help, the D.A. say, I Never head the Defendant's attorney's Representing me before!"

_1-14-2025_
Date

_____
Prisoner's Signature

Subscribed and sworn to or affirmed before me at __W-sille__, Alaska on
_01/14/2025_.
(date)

[Notary seal: MICHAEL J. GREENLAND / NOTARY PUBLIC / STATE OF ALASKA]

_____
Notary Public or other person authorized to administer oaths.
My commission expires _will office_

ORDER

It is ordered that the above request is

☒ GRANTED. The court finds that exceptional circumstances prevent the prisoner from paying the full filing fee. The required filing fee will be $ _0_
(Minimum required by AS 09.19.010(d) is 20% of the larger of average monthly deposits to or average balance in prisoner's account.)

☐ DENIED. The court finds that no exceptional circumstances prevent the prisoner from paying the full filing fee.

**Notice: This case may be dismissed without further notice unless the required filing fee is paid within 30 days after the date of distribution of this order.**

_2/13/2025_
Date

_____
Judge

_____
Nattl Peters
Type or Print Name

I certify that on _2/14/25_
a copy of this order was sent to: Paul James

Clerk: _KC_

Page 2 of 2
CIV-670 (12/14)(cs)
PRISONER'S REQUEST FOR FILING FEE EXEMPTION
Case No. 3AN-23-08115CI Document 11-2   Filed 06/02/25   Page 8 of 47

AS 09.19.010 & .100
Adm. R. 10(e), Crim R. 35.1(e)
App. R. 204(b)(4) & 209(a)(6)



**C O N F I D E N T I A L**
Paul R. James, Jr.
YKCC
Pouch 400
Bethel, AK 99559

  Re:  <u>Grievance against Julia Metzger - ABA File No. 2022D098</u>

Dear Mr. James:

  I reviewed your grievance against Julia Metzger, and her response (enclosed). To decide if we should open a formal ethics investigation, we follow guidelines from the Alaska Supreme Court. First, we must consider available facts and decide if investigation might reveal other significant facts. We consider ethics law, our resources including volunteer hearing officer time, and our odds of proving misconduct at hearing. We consider whether the issues should be resolved by the Bar Association or by the courts. Last, we must use our experience and professional judgment. I conclude that formal investigation is not warranted.

  Ms. Metzger is your appointed defense lawyer. Your grievance alleges that she takes the side of the victim and witnesses and the state instead of your side, criticizes you and talks about your history of convictions instead of your defenses, won't follow up on your charge that the police tampered with evidence, and has generally given you poor representation. You allege that this creates a conflict of interest and is ineffective assistance of counsel. In her response, Ms. Metzger described her meetings and phone calls with you about trial strategy. She needed you to know about the evidence against you and the effect your criminal record might have. When a lawyer tells a client about problems in a case, it doesn't mean the lawyer has a conflict or is taking the side of other people against the client. Ethics hearing officers probably would not agree that Ms. Metzger showed a pattern of disloyalty, indifference, or neglect. I reviewed public online court records about your case. Before you filed your grievance, you filed similar complaints with the court, but the court did not act on them, she still represents you, and your trial is scheduled for January 2023. The Bar Association does not handle ineffective assistance claims. Only the court can do that, when you are eligible. If you continue to believe that Ms. Metzger gave you ineffective assistance, you would need to talk to your own lawyer about your options, procedures, and time limits.

  If you would like to have my decision reviewed by a Board Discipline Liaison (a member of the Bar's Board of Governors), the rules of court allow you thirty days from the date of this letter to send us a written request. *See* Alaska Bar Rule 22(a).

        Sincerely,

        ALASKA BAR ASSOCIATION

        Mark Woelber
        Assistant Bar Counsel

MW/aib
Enclosure
cc: Julia Metzger
G:\Ds\DISC CASES\2022\2022D098\MetzgerCode10.docx

# IN THE SUPREME COURT FOR THE STATE OF ALASKA
## AT ANCHORAGE Ak

Paul R. James Jr.

            Plaintiff(s),

VS.

Bethel, Alaska Court System

            Defendant(s).

Case No. 4EM-19-00027 CR

AFFIDAVIT, MOTION FOR
COMPELLING & PRESSES FOR
TRIAL FRAUD, CORRUPTION

## MOTION FOR CONSISTENCY & LAW

Comes now Paul R. James Jr. Pro se at this time, see, Affidavit, case Laws, USCS Fed. Rules App. Proc. R. 32.1; Harmelin at 846; Gray. v. Schachel (In re P.W.J.), 846 N.E. 2d 752 (Ind. App. 2006); Podgorski. v. Egan, 2018 U.S. Dist. LEXIS 236689, Memorandum and Recommendation, 28 U.S.C. §636(b); Burden of Proof; Suffered Injury's §1983, Yeager Asphalt, Inc. v. Charter Twp. of Saginaw, 2022 U.S. App. LEXIS 10636; USCS Const. Amend. 14, Part 2 of 15; In Charle Dickens'Oliver.

I Paul R. James Jr. asking the Supreme Court House of Anchorage, Ak to transfering this Trial Fraud Action from the United States District Court, over to the supreme court, and run this case as one, with my 2013 case, and 2019 case for "Consistency Act's".

On my Trial day, the Bethel, Ak courthouse judge Hauss heard my 2 attorney's, Julia and kaytie "Repersenting" the District Attorney, and "Tampering" with every witnesses from day one of my trial, the judge, D.A, and my 2 attorney's were tampering with every witness befor the judge tooke on the recording, also tampered with all evidence's on recourd. Befor my Trial started the D.A yeneld out, "Conflict" When Julia Mitezger first came to Bethel, Ak jail, she was taking "Revenge" over James Corregan, and Bill Tyler, saying to me, "Do you have is usscs with James & Bill, if you do, we can Boxit out right now, at this eunsen over these attorneys." I fealt that my Life was in "Threat", Julia's eye's were washy-beal, and she wasent able to foucusus en me, Julia's investagenters was with her that day, the judge Hauss head my 2 attorney's repersenting the D.A, and the victim, the D.A telling my 2 attorney's, I never head the judge, having the Defendant's attorney's en my side befor, and repersenting me, and the victim, then my attorney's send to the D.A, we get him, then all 3 started laphing, then Kaytie sought on righting, "That's right, This is Victery". On my last day of Trial, I asked the court for a "Confeadincual Stata Statement, a sealed envilope statement with the court, agenst Julia Mitez/Metizger.

Paul James

2-10-2024

Subscribed and sworn to before me
this 10 day of February 20 24

Willbert W. Larson
Notary Public

My Commission Expires with employment.

WILBERT W. LARSON
Commission Expires
NOTARY PUBLIC
STATE OF ALASKA

To: Deputy Clerk of Court of Appeals. MOTION for Compel & Press.
Case No. 4BE-19-00457CI, Appeals No. A-13907

I am Claiming Ineffective Assistance of Counsel with attorney Michael Horowitz (1005021), "Conflicts of Interests". Michael told me that he was an "Private Attorney at Law," I jest found out that he's a O.P.A. Law firm, See Rule 9, 1(G) (informed consent). The information required depends on the nature of the "Conflict" and the nature of the riske "INVOLVED". When Representation of MULTIPLE CLIENTS in a single "MATTER" is undertaken, the information "MUST" include the implications of the common Representation, including possible EFFECTS on Loyalty, confidentiality and the attorney-client Privilege and the advantages and "RISKS" involved. See COMMENTS [30] and [31] (effect of common representation on confidentiality). When lawyers representing different clients in the same "MATTER" or in substantially "Related" matters are closely related by "BLOOD" or "MARRIAGE," There may be a Significant "RISK" that clint confidences and "SECRETS" will be revealed and that the lawyers family relationship will "INTERFERE" with both Loyalty and independent professional judgment. As a "Result," each client is entitled to "KNOW" of the "EXISTENCE" and implications of the Relationship between the Lawyers before the lawyers Agrees to undertake the Representation.

For past years the Bethel, Ak court House and Attorney John Cashon been taking "Reveange" on me in my courts, their would meanichion John Cashon's PCR I filed on him. To this day the Bethel, Ak CourtHouse, and Attorney John Cashon been "HARASSING" me over my P.C.R form I told about John giving me "False Rule 11 agreement" deal gest to set me out of the Meleatary National Garerd. When my attorney wase on my case in this 2013 case, my wife head a O.P.A. Law firm, and she was a witness for me, this is "Conflic of Interest" with O.P.A. Law firm's, I tried Fireing my attorney, but the attorney came back on to my case on his owein, and

page 1 of 2

on record, the judge, asked him, "didn't you just got fired from Paul James case for conflict of interest, he responded <u>Yes</u>, but im representing him now? This was also the "ACTS" of judicial "CANON," Violating "All" my Constitutional and Amendment Rights for a "Just and fair Counsel" under my 6th Amendment, See also case Law's Affidavits. USCS Fed. Rules App. Proc. R. 32.1; Podgorski v. Egan, 2018 U.S. Dist. LEXIS 238689. Memorandum and Recommendation, 28 U.S.C. § 636 (b); Harmelin at 996; (42 USCS § 1983). Part 1 of 16 § 1983. Civil Action for Deprivation of Rights; McLaughlin v. Florida, 379 U.S. 1984 (19-64); New York State Club Ass'n v. City of New York, 108 S.Ct. 2225, 101 L.Ed. ad 1 (1988); Board of Dirs. of Rotary Int'l v. Rotary Club of Duarte, 481 U.S. 537, 107. ct. 1940, 95 L.Ed. 2d 474 (1987); Roberts v. United States Jaycees, 468 U.S. 609, 104 S.Ct. 32 44, 82 L Ed. 2d 462 (1984); Feichtinger v. State, 779 P.2d 344, 348 (Alaska App. 1989). The Conduct of lawyers relating to Trial publicity is Governed by Rule 3.6 of the Alaska Rules of Professional Conduct. See also, [Serovici v. chaplin (1947); keynolds v. Westbrook (1955); John Henry (1962); Grant Cooper (1905-1990); Eugene Debs (1895); Michael Jackson (1993); O.J. Simpson (1994); Hugh Grant (1995); Duke Estate (1995); Donelan v. Long Island Railroad Company (1951). See also, Rule 53. Masters (a). Appointment and Compensation. The Presiding Judge of the Superior court for each Judicial district with the approval of Chief Justice of the Supreme Court, may Appoint one or More standing Masters for such district. I am Mail copie's to FBI's U.S. District Court of Anchorage, AK

Subscribed and sworn to before me
this 21 day of May 20 24
Wilbert W. Larson
Notary Public
My Commission Expires Employment

WILBERT W. LARSON
My Commission Expires
NOTARY PUBLIC
STATE OF ALASKA



Paul James
PB
5-21-2024

page 2 of 2

To: Clerk of Court

Case No. 4EM-19-00027 CR

My 14th Amendment, Affidavit Statement on Bethel, Ak court House, and my 2 attorney's for "Trial Fraud" and "Tampering with all witnesses, and all evidence's". From the first day of my Trial, all witnesses were being Tampered with before the judge started the record, every witness that were about to Testify, were being Told what not to say on record, by the D.A, judge, and my 2 attorney's, all my evidence's were also being Tampered with, by the D.A, judge, and my attorney's.

If I can I would like to run this 2019 case kunkerant with my 2013 case for all party's taking "Revenge" on me, and move this case to the Supreme Court House.

On my last day of Trial, I mead an "Confedencual sealed envilope statement, agenst my attorney Julia, for Threating my life for Meuateaul combat in the Bethel, Ak Jail visiting room", Julia looked like she was a littel hi on druges, she wasent able to foacuse on me, Julia was Threating my life over 2 attorney's, James Corragan, and Bill Tieyler, saying if you have prablem with these attorney's we can box it out right now in this earia right now, do you have issuses with these 2 attorney's. Then Julia started saying, you have NO RIGHTS to je tout of Jail, your a raper, you've been convicted of raping women starting from the year of 2004 to the year of 2013. On my last day of Trial my attorney's told me, "We got you, it would be best for you not to Testify on stand, we have all the evidences on you? On the month of 11-2023 my attorney's were saying to the D.A, we got him, and kaytie put it on righting, saying, to Julia, and the D.A, "Thats right, This is Victory," then all 3 started laphing, saying, I can belive the judge head use doing this.

Paul James

5-21-2024

Subscribed and sworn to before me
this 21 day of May 20 24
Willert W. Larson
Notary Public
My Commission Expires employment

WILBERT W. LARSON
My Commission Expires
NOTARY
PUBLIC
STATE OF ALASKA

# IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT _Bethel, Ak 99559_

In the Matter of the Application
for Post Conviction Relief of:

)
)
)
)
)
_Paul R. James Jr._ )
(Name of Applicant) )
)
)

| FOR COURT USE ONLY |
|---|
| CASE NO. _____ CI |

## APPLICATION FOR POST CONVICTION RELIEF FROM CONVICTION OR SENTENCE (CRIMINAL RULE 35.1)

---

## CERTIFICATION

I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of a witness to any crime unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

---

I, _Paul R. James Jr_, hereby apply for relief under Criminal Rule 35.1.

## PART A

(Please type or print neatly. Also, if possible, please attach a copy of your judgment of conviction.)

The conviction (sentence) from which I seek relief is as follows:

1. Full original case number: _4EM-19-000 27 CR_
   Case name: _Paul R. James Jr._ _Julia Metzger/Katie Stephinson_
              (plaintiff)               (defendant)

2. Court which imposed sentence: ☐ District Court ☒ Superior Court
   Court Location: _Bethel, AK_     Name of Judge _Terrance Haas_

3. Date shown in clerk's certificate of distribution on the judgment: _found Guilty_

4. Date of sentencing and terms of sentence: _3-19-2024, on all counts of 11 Charges by jury's._

5. Crime or crimes of which I was convicted: _Sexual assalt's._

Page 1 of 7
CIV-760 (6/14)(cs)
APPLICATION FOR POST CONVICTION RELIEF
FROM CONVICTION/SENTENCE (CRIMINAL RULE 35.1)    Filed 06/02/25    Page 14 of 47
AS 12.72.010-.040
Crim. Rule 35.1

6. I am now ☐ not in custody ☒ in custody at _Yukon kuskokwim Correctional center_

7. Mailing address: _Pouch 400  Bethel, Ak 94559_

8. The finding of guilty was made after a plea of

   ☐ guilty    ☒ not guilty    ☐ nolo contendere

9. Finding was made by ☒ a jury    ☐ a judge

10. Name and address of my lawyer: _Don't non my attorney's mailing_ _address,_

   ☒ I was not represented by a lawyer.

11. Lawyer was ☐ employed by me    ☒ appointed by the court

12. Did you appeal your conviction (or sentence)? _Yes_

13. If you answered "yes" to question No. 12 above, state the following:

   a. The name of each court to which you appealed:
   _I asked the Bethel court but neve get an_
   _"Answer" just in Bethel, Ak court House Box 130._

   b. The result in each court to which you appealed and the date of such result:
   _I never got papers from my Appeal's, or from my_
   _appeal attorney, and "Don't" now how is my appeal_
   _lawyer._

   c. Did a lawyer represent you on the appeal(s)? _N A_

   State the name(s) and address(es) of your lawyer(s) on the appeal(s):
   _I tryed "Asking" for my appeal attorneys name_
   _but never get an Answer._

   Lawyer was: ☐ employed by me    ☒ appointed by the court

14. Have you filed a previous application for post conviction relief in this case? _No_

15. Did you seek any other review of or relief from this conviction or sentence (for example, by filing a motion to modify or correct the sentence, or a petition for habeas corpus or coram nobis in this court or any other state or federal court)? _Yes_

Page 2 of 7
CIV-760 (6/14)(cs)
APPLICATION FOR POST CONVICTION RELIEF
FROM CONVICTION/SENTENCE (CRIMINAL RULE 35.1)
AS 12.72.010-.040
Criminal Rule 35.1
Filed 06/02/25    Page 15 of 47

16. If you answered "yes" to No. 14 or No. 15, state the following:

    a. Each ground for relief which you previously presented:

    One the Month of November 30-2023 I filed a
    Motion for Trial Fraud & Tampering, also with a Fed.
    Summon, along with the Motion against the judge,
    DA, and my 2 attorney's, never get an Answer
    from the Federal Court, I also mead statements
    to Washington D.C. Justice Department.

    b. The proceedings in which each ground was raised:

    None.

    c. The results of each proceeding and the date of such results:

    None.

    d. The name and address of lawyers(s), if any, who represented you in these
    proceedings (separately for each proceeding) Don't now how is
    my Lawyer, on my Appeal, I'm claiming on my
    2 attorney's Julia & Katie, Inafective accitence of
    counsel, Anchorage, Ak O.P.A. Law firm, I was
    appointed by court House.

    e. Lawyer was ☐ employed by me  ☒ appointed by the court

Page 3 of 7
CIV-760 (6/14)(cs)
APPLICATION FOR POST CONVICTION RELIEF
FROM CONVICTION/SENTENCE (CRIMINAL RULE 35.1)
Case 3:25-cv-00123-SLG   Document 1-2   Filed 06/02/25   Page 16 of 47
AS 12.72.010-.040
Crim.Rule 35.1

PART B

I believe I have grounds for relief from the conviction and sentence described in Part A.

1. My grounds for relief are as follows: (State which parts of Criminal Rule 35.1(a) you believe apply to your case.) My trial started in October 2023 and Julia Metzger, and katie Stephinson Tamperd with all my Evidence's, witnesses, and all jury's, my 2 attorney's were Representing the D.A. Woolfstead, and my Victim on the court's receeard, from day one of my trial, my attorneys, D.A, and judge were Tampering with every witnesses, Julia told me that she'll never tell the court about my statement's for my behalf, Julia and katie, told me, "I't would be beater if you serive some time in Prison, 60 year would be best for your life, that way when you get out of Jail, you'll be old man".

2. The facts which support each of the grounds set out above are: (List in the same order as set out in paragraph 1.) I'm "CLAIMING" Inafective accitence of counsel and Conflic of Interast, Trial Fraud, Violating my 6th Amendmend Right to jest & fair cepresentation, my 2 attorney's Julia Metzger and Katie Stephinson, Tampered with all my Evidence's, Witnesse's, Jury's, and Recourding Device's at my Trial, all witnesses were told what to say by Julia, and katie, I tryed "Fireing" my attorney's befor but the court would never Answer. Julia, and katie would tell me, you belong in Prison, their's "NO" way your going to win your Trial, im "not" going to make that heapen for you, it would be best if you speand 60 year in prison, that way when you get out of jail you'll be an old man, this will help you grow up, their's nathing for you to get out of jail right now, katie, Reesponded, it would be the best deal for your life in Prison, Trust me.

Page 4 of 7
CIV-760 (6/14)(cs)
APPLICATION FOR POST CONVICTION RELIEF
FROM CONVICTION/SENTENCE (CRIMINAL RULE 35.1)    Filed 06/02/25    Page 17 of 47    Crim. Rule 35.1

AS 12.72.010-.040

3. I have personal knowledge of the following facts among those listed in paragraph 2: (False statements with regard to facts stated upon your personal knowledge are subject to the penalties for perjury.) When Julia first took my case she Treaten my life with Meuatual Kambat it the visiting room, Then feen day's latter I filed a Motion trying to Fireing her, every time I talk to Julia she would say, "Your a RAPER youeve been raping women from the year of 2004, all the way to the year of 2019, you bee convicted of raping all them women, you belong in jail, you have NO right's to having a Feair life, your a RAPER." Every time I ask Julia for a Bail hearing she tell's me, just like I told you befor, you have NO RIGHTS for your way of life.

4. What evidence, other than your own statements, do you have to prove the facts you stated in paragraph 2 above? (You must attach all affidavits, records or other evidence supporting your allegations, or state why they are not attached.) I am Claiming "Conflict of Interest, and Inaffective accitenc of counsel", I am also "Claiming" "Compelling", for all my Amendment's, and Constitutional Right's to Cople Right's, and Case Law Affidavit Statement's. See Law's. USCS Fed, Rules App. Proc. R. 32.1; Podgorski, v. Egan, 2018 U.S.C. § 636(b); Harmelin at 846; I GEN INt'l, Inc. v. Roch Diagnostics GmbH, 335 F.3d 303. The court Reversed the judgment as to UNFAIR competition and Breach of Good Faith and FAIR Dealing, It affirmed summary judgment as to unauthorized settement, and affirmed denial of the licensee's Motion for Judgement as a MATTER of LAW and a NEW Trial on several Claims. When I got sentenc, my 2 attorney's Julia, and Katie hi'fived the D.A. Woolf'stead, and sead, Yes we got him to Priso for life with the judge's help.

Page 5 of 7
CIV-760 (6/14)(cs)
APPLICATION FOR POST CONVICTION RELIEF
FROM CONVICTION/SENTENCE (CRIMINAL RULE 35.1)
AS 12.72.010-.040
Crim.Rule 35.1
Filed 06/02/25     Page 18 of 47

## PART C

(Fill out this section only if you claim that you are indigent. You must attach a sworn Financial Statement on form CR-206. Note: AS 18.85.100(c) limits the appointment of counsel in post conviction relief proceedings. )

 I request that the filing fee be partially waived for this application. I am attaching:

1. a filled out CIV-670 PRISONER REQUEST FOR FILING FEE EXEMPTION;

2. a filled out CR-206 FINANCIAL STATEMENT; and

3. a certified copy of my prisoner account statement for the past six months from the Department of Corrections (DOC).

 I request that the court appoint an attorney to represent me in this proceeding because I cannot afford to pay for one. I understand that:

1. I must attach a filled out CR-206 FINANCIAL STATEMENT to this application.

   I must provide to the court all financial information requested by the court so the court can decide if I qualify for an appointed attorney. This information may be made available to the Attorney General after the conclusion of this proceeding. If I give false information, it may be used to prosecute me for perjury.

2. If my financial situation changes and I do not report this to the court, the law requires my appointed attorney to do so.

3. If my application for post conviction relief is denied, the court will enter a judgment against me which will require me to pay part of the cost of my appointed attorney. In most cases the court will use the schedule shown below to determine the amount I will be required to pay. However, in unusual circumstances, the court may enter judgment against me for more or less than the scheduled amount. After the judgment is entered, I may request the court to reduce the amount of the judgment if payment would cause manifest hardship to me or my family.

### Schedule of Costs for Court-Appointed Counsel

| Offense of Which Applicant Was Convicted | | | |
|---|---|---|---|
| Misdemeanor | Class B or C Felony | Class A or Unclassified Felony | Murder in the lst or 2nd Degree |
| $250 | $250 | $500 | $750 |

---

\* Pamphlet CR-204 explaining the benefits and costs of court-appointed counsel is available from the court.

AS 12.72.010-.040
Criminal Rule 35.1

Filed 06/02/25    Page 19 of 47

## GENERAL WAIVER

If I have requested a court-appointed attorney, I authorize anyone to release to the Alaska Court System all information concerning my assets, liabilities, account balances and any income source I have had for the past three years. This includes but is not limited to all current and past employers, banks, credit and depository institutions, accountants, brokers and credit bureaus.

## VERIFICATION

I, _Paul James_, say on oath or affirm that I have read all parts of the foregoing document and believe all statements made in the document are true. I understand that false statements in this application may subject me to prosecution for perjury.

### *Do not sign until in the presence of a notary or court clerk.*

_5-21-2024_
Date

_Paul James_
Signature of Applicant

_YKCC_
Address

_Pouch 400 Bethel AK 99559_

Subscribed and sworn to or affirmed before me at ___Bethel___, Alaska.
on _5/21/2024_.
(Date)

(SEAL)

*(notary seal: WILBERT W. LARSON, My Commission Expires, NOTARY PUBLIC, STATE OF ALASKA)*

_Wilbert W. Larson_
Clerk of Court, Notary Public, or other person authorized to administer oaths.
My commission expires: _employment_

I certify that on _____,
a copy of this application was sent to the District
Attorney at _____, Alaska.

Clerk: _____

## Expedited Consideration

Under Criminal Rule 35.1(i), you may move for expedited consideration of this application. Your motion must comply with Civil Rule 77(g).

Page 7 of 7
CIV-760 (6/14)(cs)
APPLICATION FOR POST CONVICTION RELIEF
FROM CONVICTION/SENTENCE (CRIMINAL RULE 35.1)     Filed 06/02/25     Page 20 of 47
AS 12.72.010-.040
Criminal Rule 35.1

# In the Court of Appeals of the State of Alaska

**Paul James, Jr.,**
                    Appellant,

                    v.

**State of Alaska,**
                    Appellee.

Court of Appeals No. **A-14385**

## Notice & Order
## Court-Appointed Attorney
Appellate Rule 209(b)(2)
Date of Notice: **4/16/2024**

Trial Court Case No. **4EM-19-00027CR**

## Notice to Appellant

Under Appellate Rule 209, you must pay part of the cost of your court-appointed attorney unless your conviction is reversed on appeal. The court or clerk usually will decide the amount you must pay by use of the schedule below. But, in unusual circumstances, you may be required to pay more or less than the scheduled amount. After the court or clerk has entered judgment, you may ask for the amount to be reduced if payment would cause manifest hardship to you or your family.

| Type of Appellate Proceeding | Misdemeanor | Felony |
|---|---|---|
| Merit Appeal or Appeal from Post-Conviction Relief Proceedings | 750 | **1,500** |
| Combined Merit and Sentence Appeal or Petition for Sentence Review | 1,000 | **2,000** |

## Order to Appellant

You shall apply for an Alaska Permanent Fund dividend every year in which you are an Alaska resident eligible for a dividend until judgment is paid in full. Appellate Rule 209(b)(2)(B).

Clerk of the Appellate Courts

*Joyce Marsh*

Joyce Marsh, Deputy Clerk

cc:    Paul James, Jr., Pouch 400, Bethel, AK 99559
Distribution:

Email:
Metzger, Julia, Office of Public Advocacy
De Lucia, Tamara Eve

# In the Supreme Court of the State of Alaska

**Paul James Jr.,**

                Petitioner,

v.

**State of Alaska,**

                Respondent.

Supreme Court No. **S-18887**

## Notice of Intent
### to Enter Judgment For Cost of Appointed Attorney

Date of Notice: **4/15/2024**

Court of Appeals No. **A-13907**
Trial Court Case No. **4BE-19-00457CI**

Unless you or the prosecutor objects by **5/30/2024** (you may use the enclosed form to file an objection), the court or clerk will enter a judgment against you for the cost of your appointed attorney as indicated below:

| Type of Appellate Proceeding | Misdemeanor | Felony |
|---|---:|---:|
| Petition for Hearing | 500 | **1,000** |

Entered under Appellate Rule 209(b)(6).

Clerk of the Appellate Courts

Ryan Montgomery-Sythe,
Chief Deputy Clerk

cc:    Paul James at Yukon Kuskokwim Correctional Center

Distribution:

Email:
Horowitz, Michael L., OPA - Contract
Black, Ann B.

# In the Supreme Court of the State of Alaska

**Paul James, Jr.,**

Petitioner,

v.

**State of Alaska,**

Respondent.

Supreme Court No. **S-18887**

## Opposition
**to Entry of Judgment For Cost of Appointed Attorney**

Date of Notice: **4/15/2024**

Trial Court Case No. **4BE-19-00457CI**

I oppose the entry of the proposed judgment against me for the cost of appointed attorney for the following reason(s):

☐      My conviction was reversed on appeal.

☐      I filed the following type of action, but the clerk or court assessed the wrong amount for this action:

         ☐      Petition for Hearing

☐      The clerk or court is proposing to enter more than one judgment against me. This is not correct because all of my offenses were resolved in one court proceeding.

☐      I should be assessed less than the scheduled amount because my attorney spent only _____ hours on my case. (If you check this box, you must attach a statement from your attorney showing the hours spent on your case.)

☐      Other_____

_____

Appellant/Petitioner's Daytime Phone      Appellant/Petitioner's Signature

_____

Appellant/Petitioner's Mailing Address     City      State         Zip

Mailed to State's Attorney on:_____ (Date)

# In the Supreme Court of the State of Alaska

**Paul James Jr.,**
Petitioner,

v.

**State of Alaska,**
Respondent.

Supreme Court No. **S-18887**

# Order
Petition for Hearing

Date of Order: **4/15/2024**

Court of Appeals No. **A-13907**
Trial Court Case No. **4BE-19-00457CI**

Before:      Maassen, Chief Justice, and Carney, Borghesan, Henderson, and Pate, Justices.

On consideration of the petition for hearing filed on 11/8/2023, and the response filed on 2/9/2024,

**IT IS ORDERED:**

The petition for hearing is **DENIED.**

Entered at the direction of the court.

Clerk of the Appellate Courts

Ryan Montgomery-Sythe,
Chief Deputy Clerk

cc:     Court of Appeals Judges
        Judge Peters
        Trial Court Clerk – Bethel

Distribution:

Email:
Horowitz, Michael L., OPA - Contract
Black, Ann B.

Received in the Alaska Trial Courts on 03/15/2024.

should be sentenced to the maximum penalty for a felony driving under the influence.[28]  The Court upheld the finding based on Foley's seven prior convictions for DUI in a thirteen year period, five convictions for driving while his license was suspended, and a conviction for a hit and run.[29]  This was part of the totality of his criminal history which involved thirty criminal convictions in twenty-five years, including four felony convictions.[30]  Simply put, Mr. James' prior conviction history is not similar to these, and this factor weighs against a worst offender finding.

Mr. James was 43 years old at the time of this offense. While not a young man, Mr. James still has half a lifetime remaining. He does not have a history of military service, and his has been a rural, subsistence-based lifestyle. Mr. James does clearly have an unaddressed alcohol addiction, but the state's characterization that he has refused treatment for many years is simply overstated. Availability of treatment has been a long-standing issue in this state, especially in rural Alaska, and most especially for people who live in smaller villages. The practical difficulties to participate treatment (having to move away from one's home, leaving behind family who may need assistance and responsibilities required to keep a home functioning throughout a year) coupled with limited opportunities for treatment at all are systemic barriers that are difficult for anyone to overcome.

---

[28]  *Foley v. State*, 9 P.3d 1038, 1040 (Alaska App. 2000).

[29]  *Id.*

[30]  *Id.*

*State v. Paul James, Jr.*, 4EM-19-00027CR
Defendant's Sentencing Memorandum

15

The gravamen of the state's argument for a worst offender finding is based on the state's allegations that Mr. James has committed five other sexual assaults previously. In response, Mr. James incorporates the arguments presented above in response to the (c)(18)(B) aggravator and reminds the court that even when these allegations were investigated and some of them charged, many different law enforcement and prosecutors alike found such significant deficiencies in these cases that several were dismissed entirely, or otherwise resolved in such a way that makes clear a sexual assault did not occur.

Even if this court believes that Mr. James presents a risk to the public such that a maximum sentence is warranted, there is not a sentence this court could give in this case that would allow Mr. James to release from prison before his death. A worst offender finding is not necessary from this practical standpoint, and it is not supported by the factors the court is required to consider in this case.

### *Farmer* and *Neal/Mutschler* Rules

It has long been held that when an offender is convicted of multiple crimes, the presumptive term for the most serious crime is an important benchmark that is not to be exceeded without good reason.[31] The *Farmer* rule requires the court to make a finding of good cause or good reason if it elects to impose a sentence that is greater than the maximum presumptive sentence for the most serious offense.[32] And in order to impose a composite

---

[31] *See Farmer v. State*, 746 P.2d 1300 (Alaska App. 1987); *Lacquement v. State*, 644 P.2d 856 (Alaska App. 1982); *Bolhouse v. State*, 687 P.2d 1166 (Alaska App. 1984); *Trout v. State*, 377 P.3d 296 (Alaska App. 2016).

[32] *Farmer*, 746 P.2d 1031.

*State v. Paul James, Jr.*, 4EM-19-00027CR
Defendant's Sentencing Memorandum

16

Received in the Alaska Trial Courts on 03/15/2024.

sentence greater than the maximum sentence for the single most serious count, the court must make a finding of that the sentence is warranted to protect the public or good cause pursuant to the *Chaney* criteria to impose such a sentence.[33] Thus, in Mr. James' case, the court must make these specific findings if it imposes a composite sentence greater than 60 years or a composite sentence of more than 99 years.

## Sentencing Criteria and Recommendations

The state's recommendation of 120 years to serve is excessive and unwarranted; indeed, it is longer than an entire human lifespan. In this case, this court should sentence Mr. James to a composite sentence of 60 years with 5 years suspended and 15 years of probation with the conditions suggested in the PSR. This sentence effectively results in a life sentence for Mr. James and adequately reflects the many sentencing considerations before the court. The court should sentence Mr. James as follows for each count:

- Ct. I – Sexual Assault in the First Degree: 60 years with 20 suspended, 15 years of probation.

- Ct. II – Sexual Assault in the First Degree: 60 years with 20 suspended, 15 years of probation. 12.5 years to run consecutive to Ct. I, remaining time concurrent to all other counts.

- Ct. IV – Incest: 20 years with 5 years suspended, 2 years of probation. 1.5 years consecutive to Ct. 1, remaining time concurrent to all other counts.

- Ct. V – Assault in the Second Degree: 7 years flat, 1 year consecutive to Ct. I, all remaining time concurrent with all other counts.

---

[33] *See Neal v. State*, 628 P.2d 19, (Alaska 1981); *Mutschler v. State*, 560 P.2d 377 (Alaska 1977); *Phelps v. State*, 236 P.3d 381 (Alaska App 2010).

*State v. Paul James, Jr.*, 4EM-19-00027CR
Defendant's Sentencing Memorandum

17

- Ct. VIII – XI – Sex Offender Furnishing Alcohol to a Minor in a Local Option Community: 5 years flat concurrent with all other counts.

- Ct. XII – Manufacturing Alcohol in a Local Option Community: 4 years flat concurrent with all other counts.

In fashioning an appropriate sentence, the court must consider the criteria set out in AS 12.55.005.[34] These include the seriousness of the defendant's offense in relation to other offenses, prior criminal history, isolation, harm to the victim, a sentence's deterrent effect, community condemnation and reaffirmation of societal norms, and the restoration of the victim and the community.

"To make a reasoned sentence decision, the sentencing judge must determine the priority and relationship of these objectives in any particular case."[35] The Court should use the sentencing criteria to accomplish "[t]he twin goals of sentencing[:] reformation of the offender and protection of the public. Both should be considered equally and punishment should not be emphasized to the exclusion of rehabilitation potential."[36]

### *The Seriousness of the Offense in Relation to Other Offenses*

This particular sentencing criteria was added to the existing *Chaney* criteria for "the express purposes of eliminating disparity and promoting uniformity."[37] Benchmark ranges, as

---

[34] These factors were first established in *Chaney v. State*, 447 P.2d 441 (Alaska 1970) and subsequently codified in AS 12.55.005.

[35] *Nicholas v. State*, 477 P.2d 447 (Alaska 1970).

[36] *Good v. State*, 590 P.2d 420, 423 (Alaska 1979) *citing Christian v. State*, 513 P.2d 664, 670 (Alaska 1973).

[37] *Williams v. State*, 809 P.2d 931, 935 (Alaska App. 1991).

*State v. Paul James, Jr.*, 4EM-19-00027CR
Defendant's Sentencing Memorandum

18

Received in the Alaska Trial Courts on 03/15/2024.

established through presumptive sentencing, generally assist in meeting this goal.[38] The legislature has determined that sexual felonies are very serious by their nature, permitting a C level sex felony to have a higher sentencing range than that of criminally negligent homicide.[39]

In this case, Mr. James was convicted of several offenses, the principle of which is sexual assault in the first degree, and he is facing the presumptive range the legislature set out in statute to address this crime's inherently serious nature. The facts of any first-degree sexual assault case will be difficult to witness and are inherently serious given the definition of the crime. Described in general terms, non-consensual penetration paired with use of force is what is required to support a conviction for this offense. But Mr. James' crime is not particularly worse or more violent than other first-degree sexual assaults. And any sentence must account for the fact that he was quite intoxicated at the time of these crimes.

The legal requirement that force be used to qualify as a sexual assault means some amount of physical violence or restraint will be present in many if not most cases, as is the case here. This is not to diminish the conduct Mr. James has been convicted of, but rather to say there is nothing particularly serious or heinous about this set of facts that is not otherwise inherent in the crime itself. And the physical injuries to H.K. are not so significant in the scheme of injuries that might result from conduct like this. H.K. suffered no genital injuries whatsoever,

---

[38]    *Id.*

[39]    Compare AS 12.55.125(d) with AS 12.55.125(i)(4).

*State v. Paul James, Jr.*, 4EM-19-00027CR
Defendant's Sentencing Memorandum

19

and there was limited bruising elsewhere around her body as well as a black-eye. A composite sentence of 60 years, adequately reflects the seriousness of this crime.

### *Prior Criminal History, Likelihood of Rehabilitation, and Isolation*

As noted above, Mr. James has nine prior convictions across six prior cases, and the most serious conviction he has received to date is a C-felony. It is apparent that Mr. James' involvement with the criminal legal system is a direct result of his alcohol use. Indeed, it appears likely that without alcohol, Mr. James might not be before this court for criminal offenses. While Mr. James is not a young offender, the practical availability of rehabilitative services, namely substance use treatment, is slim to none in villages, and this coupled with the historical trauma of this region and state as a whole with respect to Alaska Native people contributes to the significant addiction issues some, including Mr. James, suffer from. When combined with barriers to date for rehabilitative efforts, this means that there is still some slight hope for Mr. James to address what appears to be a long-standing addiction issue. The state's mischaracterization of Mr. James' rehabilitative efforts in the past ignores practical barriers that exist for folks in this region and elsewhere in rural Alaska. Rehabilitative services have historically been and even presently are scarce in this state, especially in rural areas, and Mr. James' failure to complete treatment to date can be attributed to this issue as much or more than a supposed unwillingness to complete it.

The goal of isolation will be accomplished with the imposition of a 55 year active sentence—this is a lengthy period of incarceration, indeed, a life sentence for Mr. James.

*State v. Paul James, Jr.*, 4EM-19-00027CR
Defendant's Sentencing Memorandum

20

Received in the Alaska Trial Courts on 03/15/2024.

The average life expectancy for an Alaska Native person is 71.8 years.[40] If Mr. James were to release from prison after a 55 year active sentence, he would be nearly 96 years old, and this many-decades-long sentence will ensure that for the next five decades, he is unable to cause any further harm to his community.

### *The Effect of the Sentence to be Imposed in Deterring the Defendant or Other Members of Society from Future Criminal Conduct*

Deterring Mr. James and other members of society from engaging in the kind of conduct Mr. James engaged in are other statutory factors the court must consider. But according to the Alaska Criminal Justice Commission Reinvestment Report, there is no general increase or decrease in recidivism based on the length of sentence imposed.[41] Nor does it appear likely that a sentence of any particular length will deter others from committing similar crimes.[42] Indeed, the theory of general deterrence—that a sentence imposed in one case might prevent others from engaging in future criminal activity—rests on the assumption that offenders are rational calculators who are able to perceive and weigh the costs and benefits of committing crimes.[43]

---

[40]    National Indian Council on Aging, "CDC Shows Lower Life Expectancy for Natives" https://www.nicoa.org/cdc-study-shows-lower-life-expectancy-for-natives/ last visited November 29, 2023.

[41]    Alaska Criminal Justice Commission, Justice Reinvestment Report, 9-10 (2015); *see also See* Michael Tonry, *The Functions of Sentencing and Sentencing Reform,* 58 Stan. L. Rev. 37, 52 (2005) (concluding that "increases in severity of punishment do not yield significant (if any) marginal deterrent effects"); Anthony N. Doob, Cheryl Marie Webster, *Sentence Severity and Crime: Accepting the Null Hypothesis,* 30 Crime & Just. 143, 143 (2003) (concluding that "sentence severity has no effect on the level of crime in society").

[42]    *See Pears v. State,* 698 P.2d 1198, 1205 (Alaska 1985) (discussing complexity and assumptions underlying general deterrence models).

[43]    Katelyn Carr, "An Argument Against Using General Deterrence as a Factor in Criminal Sentencing," 44 Cumb. L. Rev. 249, 254 (2013-14).

*State v. Paul James, Jr.,* 4EM-19-00027CR
Defendant's Sentencing Memorandum

21

Received in the Alaska Trial Courts on 03/15/2024.

General deterrence thus works best against offenders who can fully perceive and coolly weigh the costs and benefits of committing a crime and elect not to commit the crime (*e.g.*, tax fraud, blackmail, forgery). This is often not the reality in cases where people make poor decisions when consuming large amounts of alcohol. Thus, the court should give these sentencing criteria little emphasis when fashioning an appropriate sentence here.

### *The Effect of the Sentence to be Imposed as a Community Condemnation of the Criminal Act and as a Reaffirmation of Societal Norms and The Restoration of the Victim and the Community*

The court must take special care when analyzing the sentencing criterion of community condemnation and reaffirmation of societal norms. This criterion is not retribution.[44] It is not designed to channel the community's outrage or visceral emotional response.[45] Likewise, it does not give a judge license to ignore prior appellate decisions because the community or judge is outraged by a particularly disturbing offense.[46]

Sexual offenses like the one Mr. James has been convicted of are frightening and violative of a woman's sense of security and bodily autonomy. The recognition of these harms and the community's condemnation for this conduct is clearly and adequately communicated in a 60 year sentence.

---

[44]     *Kelly v. State*, 622 P.2d 432, 435 (Alaska 1981).

[45]     *State v. Graham*, 513 P.3d 1046, 1064 (Alaska 2022).

[46]     *Id.*

*State v. Paul James, Jr.*, 4EM-19-00027CR
Defendant's Sentencing Memorandum

22

To the extent that a court can restore H.K. in any way with a sentence in this case, the court can and should order restitution for any counseling or medical expenses H.K. has received as a result of this event. And a sentence of the length suggested by Mr. James ensures that Mr. James and H.K. would ever be able to meet again. A 55 year active sentence protects H.K. from Mr. James as the practical result of such a sentence is a life sentence for him.

### *Conclusion*

Mr. James was 43 at the time of this offense, and given the minimum sentence required in this case and his ineligibility for parole, any sentence this court could impose would mean he will not release from prison in his lifetime. A sentence of 60 years with 5 years suspended and a probationary term of 15 years not only adequately accounts for the *Chaney* criteria and aggravators present in the case, but it more than covers the remainder of Mr. James' life. The protections inherent in a sentence like this accomplish the many goals of sentencing with appropriate and primary focus on isolation and community condemnation.

DATED at Anchorage, Alaska this 15th day of March, 2024.

OFFICE OF PUBLIC ADVOCACY

Julia Metzger
Assistant Public Advocate
AK Bar No. 1211120

CERTIFICATE OF SERVICE
The undersigned hereby certifies that a copy of the foregoing was delivered to: OSP

_____        __3/15/24__
Signature                                      Date

*State v. Paul James, Jr.*, 4EM-19-00027CR
Defendant's Sentencing Memorandum

23

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT _Bethel Alaska_

In the Matter of the Application
for Post Conviction Relief of:

)
)
)
)
)
_Paul R. James Jr._ )
**(Name of Applicant)** )
_____ )

| FOR COURT USE ONLY |
| --- |
| CASE NO. _____ CI |

APPLICATION FOR POST CONVICTION
RELIEF FROM CONVICTION OR
SENTENCE (CRIMINAL RULE 35.1)

| CERTIFICATION |
| --- |
| I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any crime unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court. |

I, _Paul R. James Jr._ , hereby apply for relief under Criminal Rule 35.1.

## PART A

(Please type or print neatly. Also, if possible, please attach a copy of your judgment of conviction.)

The conviction (sentence) from which I seek relief is as follows:

1. Full original case number: _4EM-19-00027 CR_
   Case name: _Paul R. James Jr._ _Julia Metiger & katie Steaphionson_
              **(plaintiff)**           **(defendant)**

2. Court which imposed sentence: ☐ District Court ☒ Superior Court
   Court Location: _Bethel, AK_     Name of Judge _Terrance Haas_

3. Date shown in clerk's certificate of distribution on the judgment: _N/A Found Guilty._

4. Date of sentencing and terms of sentence: _3-19-2024, on all 11 counts by jury's, they were 12, one count got dissmissed by the court, copies going to Justice Department, W.D.C- white house. On the Date 5-21-2024 I did file this form._

5. Crime or crimes of which I was convicted: _Sexual Assalt_

6. I am now ☐ not in custody ☒ in custody at _GCCC Wasilla, Ak_

7. Mailing address: _Goose Creek Correctional Center, 22301 W. Alsop Road, Wasilla, Ak 99623_

8. The finding of guilty was made after a plea of

   ☐ guilty   ☒ not guilty   ☐ nolo contendere

9. Finding was made by ☒ a jury   ☐ a judge

10. Name and address of my lawyer: _N/A at Anchorage, Ak_

    ☐ I was not represented by a lawyer.

11. Lawyer was ☐ employed by me   ☒ appointed by the court

12. Did you appeal your conviction (or sentence)? _Yes, orderd by Court_

13. If you answered "yes" to question No. 12 above, state the following:

    a. The name of each court to which you appealed:
    _I asked the Bethel Court for my attorney's name but wont get an Answer for that._

    b. The result in each court to which you appealed and the date of such result:
    _I never got Answer or paperwork's for my Appeal or a Attorney name, or phone number from the court, and I dont now hows my attorney for my appeal._

    c. Did a lawyer represent you on the appeal(s)? _N/A_

    State the name(s) and address(es) of your lawyer(s) on the appeal(s):
    _I writ a letter to the court asking for the attorney's name, but never get a answer._

    Lawyer was: ☐ employed by me   ☒ appointed by the court

14. Have you filed a previous application for post conviction relief in this case? _No_

15. Did you seek any other review of or relief from this conviction or sentence (for example, by filing a motion to modify or correct the sentence, or a petition for habeas corpus or coram nobis in this court or any other state or federal court)? _Yes_

AS 12.72.010.040
Crim. Rule 35.1

Case 3:25-cv-00107-SLG   Document 1-2   Filed 06/02/25   Page 35 of 47

16. If you answered "yes" to No. 14 or No. 15, state the following:

a. Each ground for relief which you previously presented:

On the month of November 30-2023 I filed Motion and Summons for Trial Fraud with Federal U.S. District Court at Anchorage, Ak and Mailed copies out to Washington D.C. Justice Department.

b. The proceedings in which each ground was raised:

None

c. The results of each proceeding and the date of such results:

None

d. The name and address of lawyers(s), if any, who represented you in these proceedings (separately for each proceeding) Don't now hows my Attorney on my Appeal, Im Claiming "Inafective Assitence of Counsel"

e. Lawyer was ☐ employed by me ☒ appointed by the court

Page 3 of 7
CIV-760 (6/14)(cs)
APPLICATION FOR POST CONVICTION RELIEF
FROM CONVICTION/SENTENCE (CRIMINAL RULE 35.1)

Case 1:25-cv-00004 Document 1-2   Filed 06/02/25   Page 36 of 47
AS 12.72.010-.040
Crim. Rule 35.1

## PART B

I believe I have grounds for relief from the conviction and sentence described in Part A.

1. My grounds for relief are as follows: (State which parts of Criminal Rule 35.1(a) you believe apply to your case.) My Trial started on the month of October 2023 and my Attorney's, Julia Metzger, & katie Stephinson "Tamperd" with all my Evidence's, and all the witnesses that were Testefing on stand, and all my jury's were also being "Tamperd" with, on my last 2 days of my Trial, Julia and katie were "Representing" the D.A. Bailey Woolfstead, and the victem. (I Paul James Jr. Asking the Court for my 6th Amendment speedy, - Speedy Trial, for inafective Accisteance of Counsel). The judg Haas, Julia, katie, and Bailey, were "Tampering" with all my jury's, and all the witnesse's were being "Told" what to say on stand. My 2 Attorney's told me, "I'll NEVER give the court your statement's, for your behealf", the court and the judge will never get your statement's, we will get you.

2. The facts which support each of the grounds set out above are: (List in the same order as set out in paragraph 1.) I Paul R. James Jr. "CLAIMING" for 6th Amendment, Just speed, speed Trial for "Inafective Accisteance of Counsel." This is also, "Conflict of Counsel's." "Trial Fraud". On my Trial day's, and before the Recourding Devices would tesen on, the judge, and me 2 Attorney's, Julia & katie would Tamer with all witness, and my jury's, katie was making, "Sexual Act's to one jury, white man ken, she was lieing on her seet, spreating her leg's looking at ken, deseing my Trial". When my attorney Julia first took my case, she came to Bethel jail to talk about my case, when I walked into the visiting room, she wase taking "Retaleation" over the 2 O.P.A. attorney's, Tyler, and koragean, she told me "do you have issue's with the attorney's, if you do, you and I can BOX it out right now, right at this earrea, and see who's the one with power". I tryed Fiering Julia, but the court never answered my Motion. When Julia "threaten" my life for meautweel kombat, I seat on the ather side of her, she was, "Unstaybel", her eye's were fully dieleated, unabel to stay upright, when she looked at me, Julia's eye's would never face at me, she would roual her eye, unstaybel, and her investeagter was gigeling.

Page 4 of 7
CIV-760 (6/14)(cs)
APPLICATION FOR POST CONVICTION RELIEF
FROM CONVICTION/SENTENCE (CRIMINAL RULE 35.1)
AS 12.72.010-.040
Crim. Rule 35.1

Case 3:25-cv-00107 Document 1-2    Filed 06/02/25    Page 37 of 47

3. I have personal knowledge of the following facts among those listed in paragraph 2:
(False statements with regard to facts stated upon your personal knowledge are
subject to the penalties for perjury.) On that day Julia came to the jail, she
was "Representing" the victem, Julia keeped saying, "Your a Reaper, you
been convicted of Reaping women, starting from the m̶o̶ year's of 2004,
from all those year's you been geting convicted of Reaping charges's,
all the way to this 2019, your a Reaper, it would be beat that you don't
get out of jail, i'll never give you a Ball heaising, so that you'll never
get out of jail, you have NO right's for Ball?" Julia also told me, I'll
never Help you get out of jail, I'll never Help you on your case, you
have NO right's to be Treaded Feair, you have NO right for your way
of your life, I will get you in Prison for the rest of your life, you
Reapthis Girl, it would be beast for you in Prison for the rest of your
life.

4. What evidence, other than your own statements, do you have to prove the facts you
stated in paragraph 2 above? (You must attach all affidavits, records or other
evidence supporting your allegations, or state why they are not attached.) I Paul James
Claiming, 1st, 2end, 3rd, 4th, 5th, 6th, 7th, 8th, 9th, 10th, 11th, 12th,
13th, 14th, and 15th Amendment, and all my Constitutional Right's, and
my Humen Right's for, Just Speedy-Speedy Trial for Inafective
A̶s̶s̶ Accistenc of Counsel, violating all my Right's, and 6th Amendmet
for a "Just Feair Counsel". When kate Stephinson mead that Sexual
Act, with that one white jury, ken, that was "unprofessenal", this
was "Trial Fraud". For All my Constitution Right's, I use case Law
Statement's, See USCS Fed. Rules App. Proc. R. 32.1; Gray.
v. Schachel (In re P.W.J.), 846 N.E.2d 752 (Ind. App. 2006);
Harmelin at 846; Egan, 2018 U.S. Dist. LEXIS 238689.
Memorandum and Recommendation, 28 U.S.C. § 636 (b);
(42 USCS §1983), Part 1 of 16 §1983. Civil Action for Deprivation
of Right's; Burden of Proof; Suffered Injury's §1983, Yeager Asphalt,
Inc. v. Charter Twp. of Saginaw, 2022 U.S. App. LEXIS 10636; USCS
Const. Amend. 14, Part 1 of 15; In Charle Dickens' Olives.

## PART C

(Fill out this section only if you claim that you are indigent. You must attach a sworn Financial Statement on form CR-206. Note: AS 18.85.100(c) limits the appointment of counsel in post conviction relief proceedings. )

 I request that the filing fee be partially waived for this application. I am attaching:

1. a filled out CIV-670 PRISONER REQUEST FOR FILING FEE EXEMPTION;

2. a filled out CR-206 FINANCIAL STATEMENT; and

3. a certified copy of my prisoner account statement for the past six months from the Department of Corrections (DOC).

 I request that the court appoint an attorney to represent me in this proceeding because I cannot afford to pay for one. I understand that:

1. I must attach a filled out CR-206 FINANCIAL STATEMENT to this application.

   I must provide to the court all financial information requested by the court so the court can decide if I qualify for an appointed attorney. This information may be made available to the Attorney General after the conclusion of this proceeding. If I give false information, it may be used to prosecute me for perjury.

2. If my financial situation changes and I do not report this to the court, the law requires my appointed attorney to do so.

3. If my application for post conviction relief is denied, the court will enter a judgment against me which will require me to pay part of the cost of my appointed attorney.* In most cases the court will use the schedule shown below to determine the amount I will be required to pay. However, in unusual circumstances, the court may enter judgment against me for more or less than the scheduled amount. After the judgment is entered, I may request the court to reduce the amount of the judgment if payment would cause manifest hardship to me or my family.

### Schedule of Costs for Court-Appointed Counsel

| Offense of Which Applicant Was Convicted | | | |
|---|---|---|---|
| Misdemeanor | Class B or C Felony | Class A or Unclassified Felony | Murder in the lst or 2nd Degree |
| $250 | $250 | $500 | $750 |

---

\* Pamphlet CR-204 explaining the benefits and costs of court-appointed counsel is available from the court.

Case 3:07-cv-00349 Document 1-2    Filed 06/02/25    Page 39 of 47
AS 12.72.040-.040
Crim. Rule 35.1

# GENERAL WAIVER

If I have requested a court-appointed attorney, I authorize anyone to release to the Alaska Court System all information concerning my assets, liabilities, account balances and any income source I have had for the past three years. This includes but is not limited to all current and past employers, banks, credit and depository institutions, accountants, brokers and credit bureaus.

## VERIFICATION

I, _Paul James Jr._, say on oath or affirm that I have read all parts of the foregoing document and believe all statements made in the document are true. I understand that false statements in this application may subject me to prosecution for perjury.

**_Do not sign until in the presence of a notary or court clerk._**

| | |
|---|---|
| _10-11-2024_ | _____ |
| Date | Signature of Applicant |
| | _____ |
| | Address |
| | _____ |

Subscribed and sworn to or affirmed before me at _Wasilla_____, Alaska.
on _10/11/2024_____.
(Date)

[Notary seal: MICHAEL J. GREENLAND · NOTARY PUBLIC · STATE OF ALASKA]

_____
Clerk of Court, Notary Public, or other person authorized to administer oaths.
My commission expires: _With office_

I certify that on _____,
a copy of this application was sent to the District
Attorney at _____, Alaska.

Clerk: _____

## Expedited Consideration

Under Criminal Rule 35.1(i), you may move for expedited consideration of this application. Your motion must comply with Civil Rule 77(g).

Page 7 of 7
CIV-760 (6/14)(cs)
APPLICATION FOR POST-CONVICTION RELIEF
FROM CONVICTION/SENTENCE (CRIMINAL RULE 35.1)
Case 1:22-cv-00040
Document 1-2     Filed 06/02/25     Page 12 of 12.040
Crim. Rule 35.1

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT _Bethel Alaska_

In the Matter of the Application
for Post Conviction Relief of:                    )
                                                  )
                                                  )
_Paul R. James Jr._                               )
                                                  )
(Name of Applicant)                               )
                                                  )

| FOR COURT USE ONLY |
| --- |
| CASE NO. _____ CI |

APPLICATION FOR POST CONVICTION
RELIEF FROM CONVICTION OR
SENTENCE (CRIMINAL RULE 35.1)

| CERTIFICATION |
| --- |
| I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any crime unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court. |

I, _Paul R. James Jr._ , hereby apply for relief under Criminal Rule 35.1.

PART A

(Please type or print neatly.  Also, if possible, please attach a copy of your judgment of conviction.)

The conviction (sentence) from which I seek relief is as follows:

1. Full original case number: _4EM-19-00027 CR_
   Case name: _Paul R. James Jr._         _Julia Metiger & katie Streaphionson_
   　　　　　　(plaintiff)　　　　　　　　　　(defendant)

2. Court which imposed sentence:   ☐ District Court   ☒ Superior Court
   Court Location: _Bethel, AK_         Name of Judge _Terrance Haas_

3. Date shown in clerk's certificate of distribution on the judgment: _N/A Found Guilty._

4. Date of sentencing and terms of sentence: _3-19-2024, on all 11 counts_
   _by jury's, they were 12, one count got dismissed by_
   _the court, copies going to Justice Department, W.D.C_
   _white house. On the Date 5-21-2024 I did file this form._

5. Crime or crimes of which I was convicted: _Sexual Assalt_

6. I am now ☐ not in custody ☒ in custody at _GCCC Wasilla, Ak_

7. Mailing address: _Goose Creek CorrectionalCenter, 22301 W.Alsop Road, Wasilla, Ak 99623_

8. The finding of guilty was made after a plea of

    ☐ guilty    ☒ not guilty    ☐ nolo contendere

9. Finding was made by ☒ a jury    ☐ a judge

10. Name and address of my lawyer: _N/A at Anchorage, Ak_

    ☐ I was not represented by a lawyer.

11. Lawyer was ☐ employed by me  ☒ appointed by the court

12. Did you appeal your conviction (or sentence)? _Yes, orderd by Court_

13. If you answered "yes" to question No. 12 above, state the following:

    a. The name of each court to which you appealed:
    _I asked the Bethel Court for my attorney's name but wont get an Answer for that._

    b. The result in each court to which you appealed and the date of such result:
    _I never got Answer or paperwork's for my Appeal or a Attorney name, or phone number from the court, and I dont now hows my attorney for my appeal._

    c. Did a lawyer represent you on the appeal(s)? _N/A_

    State the name(s) and address(es) of your lawyer(s) on the appeal(s):
    _I writ a letter to the court asking for the attorney's name, but never get a answer._

    Lawyer was: ☐ employed by me  ☒ appointed by the court

14. Have you filed a previous application for post conviction relief in this case? _No_

15. Did you seek any other review of or relief from this conviction or sentence (for example, by filing a motion to modify or correct the sentence, or a petition for habeas corpus or coram nobis in this court or any other state or federal court)? _Yes_

Page 2 of 7
CIV-760 (6/14)(cs)
APPLICATION FOR POST CONVICTION RELIEF
FROM CONVICTION/SENTENCE (CRIMINAL RULE 35.1)
AS 12.72.010-.040
Crim. Rule 35.1

Case 4:25-cv-00007-SLG Document 1-2   Filed 06/02/25   Page 122 of 170

16. If you answered "yes" to No. 14 or No. 15, state the following:

   a. Each ground for relief which you previously presented:

On the month of November 30-2023 I filed Motion and Summons for Trial Fraud with Federal U.S. District Court at Anchorage, Ak and Mailed copies out to Washington D.C. Justice Department.

   b. The proceedings in which each ground was raised:

None

   c. The results of each proceeding and the date of such results:

None

   d. The name and address of lawyers(s), if any, who represented you in these proceedings (separately for each proceeding)

Don't now hows my Attorney on my Appeal, Im Claiming "Inafective Assitence of Counsel"

   e. Lawyer was ☐ employed by me ☒ appointed by the court

## PART B

I believe I have grounds for relief from the conviction and sentence described in Part A.

1. My grounds for relief are as follows: (State which parts of Criminal Rule 35.1(a) you believe apply to your case.) My Trial started on the month of October 2023 and my Attorney's, Julia Metzger, & katie Stephinson "Tamperd" with all my Evidence's, and all the witnesses that were Testtefing on stand, and all my jury's were also being "Tamperd" with, on my last 2 day's of my Trial, Julia and katie were "Representing" the D.A. Bailey Woolfstead, and the victem. (I Paul James Jr. Asking the Court for my 6th Amendment speedy-Speedy Trial, for inafective Accisteance of Counsel). The judg Haas, Julia, katie, and Bailey, were "Tampering" with all my jury's, and all the witness's were being "Told" what to say on stand. My 2 Attorney's told me, "I'll NEVER give the court your statement's, for your behealf", the court and the judge will never get your statement's, we will get you.

2. The facts which support each of the grounds set out above are: (List in the same order as set out in paragraph 1.) I Paul R. James Jr. "CLAIMING" for 6th Amendment, Just speed, speed Trial for "Inafective Accistence of Counsel". This is also, "Conflict of Counsel's", "Trial Fraud". On my Trial day's, and before the Recourding Devices would tesen on, the judge, and me 2 Attorney's, Julia & katie would Tamer with all witness, and my jury's, katie was making, "Sexual Acts to one jury, white man ken, she was dieing on her seet, spreating her leg's looking at ken, deseing my Trial? When my attorney Julia first took my case, she came to Bethel jail to talk about my case, when I walked into the visiting room, she wase taking "Retaleation", over the 2 O.P.A. attorney's, Tyler, and koragean, she told me, "do you have issue's with the attorney's, if you do, you and I can BOX it out right now, right at this eairea, and see who's the one with power? I Tryed Fiering Julia, but the court never answered my Motion. When Julia "Threaten" my life for meautweel kombat, I seat on the ather side of her, she was, "Unstaybel", her eye's were fully dieleated, unabel to stay upright, when she looked at me, Julia's eye's would never face at me, she would roual her eye, unstaybel, and her investeagter was gigeling.

Page 4 of 7
CIV-760 (6/14)(cs)
APPLICATION FOR POST CONVICTION RELIEF
FROM CONVICTION/SENTENCE (CRIMINAL RULE 35.1)

AS 12.72.010.040
Crim. Rule 35.1

Case 3:25-cv-00100-SLG   Document 1-2   Filed 06/02/25   Page 44 of 47

3. I have personal knowledge of the following facts among those listed in paragraph 2:
(False statements with regard to facts stated upon your personal knowledge are subject to the penalties for perjury.) On that day Julia came to the jail, she was "Representing" the victem, Julia keeped saying, "Your a Reaper, you been convicted of Reaping women, starting from the mo years of 2004, from all those year's you been geting convicted of Reaping charges's, all the way to this 2019, your a Reaper, it would be beat that you dont get out of jail, i'll never give you a Ball heaising, so that you'll never get out of jail, you have NO right's for Ball." Julia also told me, I'll never Help you get out of jail, I'll never Help you on your case, you have NO right's to be Treaded Feair, you have NO right for your way of your life, I will get you in Prison for the rest of your life, you Reap this Girl, it would be beast for you in Prison for the rest of your life.

4. What evidence, other than your own statements, do you have to prove the facts you stated in paragraph 2 above? (You must attach all affidavits, records or other evidence supporting your allegations, or state why they are not attached.) I Paul James Claiming, 1st, 2end, 3rd, 4th, 5th, 6th, 7th, 8th, 9th, 10th, 11th, 12th, 13th, 14th, and 15th Amendment, and all my Constitutional Right's, and my Humen Right's for, Just Speedy-Speedy Trial for Inafective Ass-Accistenc of Counsel, violating all my Right's, and 6th Amendmet for a "Just Feair Counsel". When kate Stephinson mead that Sexual Act, with that one white jury, ken, that was "unprofessenal", this was "Trial Fraud". For All my Constitution Right's, I use case Law Statement's, See USCS Fed. Rules App. Proc. R. 32.1; Gray. V. Schachel (In re P.W.J.), 846 N.E.2d 752 (Ind.App.2006); Harmelin at 846; Egan, 2018 U.S. Dist. LEXIS 238689. Memorandum and Recommendation, 28 U.S.C. § 636 (b); (42 USCS §1983), Part 1 of 16 §1983. Civil Action for Deprivation of Right's; Burden of Proof; Suffered Injury's §1983, Yeager Asphalt, Inc. v. Charter Twp. of Saginaw, 2022 U.S. App. LEXIS 10636; USCS Const. Amend. 14, Part 1 of 15; In Charle Dickens' Olives.

Page 5 of 7
CIV-760 (6/14)(cs)
APPLICATION FOR POST CONVICTION RELIEF
FROM CONVICTION/SENTENCE (CRIMINAL RULE 35.1)

Case 5:25-cv-00904-JDW   Document 1-2   Filed 06/02/25   Page 45 of 47

AS 12.72.010-.040
Crim. Rule 35.1

# PART C

(Fill out this section only if you claim that you are indigent. You must attach a sworn Financial Statement on form CR-206. Note: AS 18.85.100(c) limits the appointment of counsel in post conviction relief proceedings.)

 I request that the filing fee be partially waived for this application. I am attaching:

1. a filled out CIV-670 PRISONER REQUEST FOR FILING FEE EXEMPTION;

2. a filled out CR-206 FINANCIAL STATEMENT; and

3. a certified copy of my prisoner account statement for the past six months from the Department of Corrections (DOC).

 I request that the court appoint an attorney to represent me in this proceeding because I cannot afford to pay for one. I understand that:

1. I must attach a filled out CR-206 FINANCIAL STATEMENT to this application.

   I must provide to the court all financial information requested by the court so the court can decide if I qualify for an appointed attorney. This information may be made available to the Attorney General after the conclusion of this proceeding. If I give false information, it may be used to prosecute me for perjury.

2. If my financial situation changes and I do not report this to the court, the law requires my appointed attorney to do so.

3. If my application for post conviction relief is denied, the court will enter a judgment against me which will require me to pay part of the cost of my appointed attorney. In most cases the court will use the schedule shown below to determine the amount I will be required to pay. However, in unusual circumstances, the court may enter judgment against me for more or less than the scheduled amount. After the judgment is entered, I may request the court to reduce the amount of the judgment if payment would cause manifest hardship to me or my family.

### Schedule of Costs for Court-Appointed Counsel

| Offense of Which Applicant Was Convicted | | | |
|---|---|---|---|
| Misdemeanor | Class B or C Felony | Class A or Unclassified Felony | Murder in the 1st or 2nd Degree |
| $250 | $250 | $500 | $750 |

---

\* Pamphlet CR-204 explaining the benefits and costs of court-appointed counsel is available from the court.

Case 1-2      Filed 06/02/25      Page 46 of 47

# GENERAL WAIVER

If I have requested a court-appointed attorney, I authorize anyone to release to the Alaska Court System all information concerning my assets, liabilities, account balances and any income source I have had for the past three years. This includes but is not limited to all current and past employers, banks, credit and depository institutions, accountants, brokers and credit bureaus.

## VERIFICATION

I, _Paul James Jr._, say on oath or affirm that I have read all parts of the foregoing document and believe all statements made in the document are true. I understand that false statements in this application may subject me to prosecution for perjury.

**Do not sign until in the presence of a notary or court clerk.**

_10-11-2024_
Date

_____
Signature of Applicant

_____
Address

_____

Subscribed and sworn to or affirmed before me at _Wasilla_, Alaska.
on _10/11/2024_.
(Date)

_____
Clerk of Court, Notary Public, or other person authorized to administer oaths.
My commission expires: _With office_

I certify that on _____,
a copy of this application was sent to the District Attorney at _____, Alaska.

Clerk: _____

## Expedited Consideration

Under Criminal Rule 35.1(i), you may move for expedited consideration of this application. Your motion must comply with Civil Rule 77(g).

Case 3:20-cv-00047 Document 1-2   Filed 06/02/25   Page 47 of 47   AS 12.72.010-.040
Crim. Rule 35.1