IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL R. JAMES, JR.,<br><br>                Plaintiff,<br><br>    v.<br><br>TERRENCE HAAS, TREG TAYLOR, and BAILEY J. WOOLFSTEAD,<br><br>                Defendants. | Case No. 3:25-cv-00109-SLG |

## ORDER OF DISMISSAL

On June 2, 2025, self-represented prisoner Paul R. James, Jr. ("Plaintiff") filed a civil complaint, a civil cover sheet, and a "Motion to Compel & Press for Human Rights, to Court Appointment for Contract Agreement, Section 363.074.073."[1] This action is deficient because Plaintiff did not prepay the filing fee or file a completed application to proceed without prepaying the filing fee.[2] The Court will not accord Plaintiff an opportunity to remedy the deficiency. Plaintiff has accumulated at least three strikes,[3] and he fails to demonstrate he meets the imminent danger exception that would allow him to proceed on his claims without

---

[1] Dockets 1-3.

[2] Plaintiff included a copy of his prisoner account statement at Docket 1-1, but did not submit a completed, signed application to waive prepayment of the filing fee.

[3] *See James v. Seairs, et al.,* Case No. 3:25-cv-00012-SLG, Docket 4 at 16 (notifying Plaintiff he has received three strikes, specifically in Case Nos. 3:22-cv-00-JMK, 3:22-cv-00269-JMK, and 3:25-cv-00012-SLG).

prepaying the full filing fee.[4] However, even if Plaintiff met the requirements of the exception or prepaid the full civil filing fee, the Court finds Plaintiff's claims must be dismissed as frivolous.[5]

### I. Plaintiff has "three strikes" and may not proceed without prepaying the full filing fee

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[6] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[7] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[8] Imminent danger requires an allegation that a harm is "ready to take place"

---

[4] *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status.").

[5] *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997) (noting the PLRA furthers "the congressional goal of reducing frivolous prisoner litigation in federal court").

[6] 28 U.S.C.A. § 1915(g).

[7] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[8] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

Case No. 3:25-cv-00109-SLG, *James v. Haas, et al.*
Order of Dismissal
Page 2 of 5
Case 3:25-cv-00109-SLG    Document 4    Filed 06/06/25    Page 2 of 5

or "hanging threateningly over one's head."[9] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[10] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[11]

Although Plaintiff claims he is in imminent danger of serious physical injury,[12] the reasons he provides do not involve the three Defendants named in this case. Plaintiff claims that in April 2025, a male correctional officer ("CO") said he wanted to "slam him to the ground and stomp on his head" and two female COs said they wanted to kill him.[13] None of these correctional officers is named as a defendant in this case, and Plaintiff's allegations are insufficient to demonstrate imminent danger that is in any way traceable to the misconduct that Plaintiff alleges the named Defendants in this action allegedly committed in November 2023.

## II. Plaintiff's claims are dismissed as frivolous

Plaintiff names state court Judge Terrance Haas, Alaska Attorney General Treg Taylor, and Assistant Attorney General Bailey Jennifer Woolfstead as Defendants. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court

---

[9] *Andrews,* 493 F.3d at 1056 (cleaned up).

[10] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[11] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[12] Docket 1 at 7.

[13] Docket 1 at 7.

Case No. 3:25-cv-00109-SLG, *James v. Haas, et al.*
Order of Dismissal
Page 3 of 5
Case 3:25-cv-00109-SLG   Document 4   Filed 06/06/25   Page 3 of 5

takes judicial notice of the Courtview records of the Alaska Court System.[14] According to the available state court records, Judge Haas presided over Plaintiff's arraignment in *State of Alaska vs. James Jr, Paul,* Case No. 4EM-19-00027CR before the case was assigned to a different state court judge. Attorney Woolfstead was the state prosecutor in *State of Alaska vs. James Jr, Paul,* Case No. 4EM-19-00027CR and currently represents the State in Plaintiff's ongoing state post-conviction relief proceedings, *In the Matter of: James Jr, Paul vs. State of Alaska,* Case No. 4BE-24-00219CI.[15] Alaska Attorney General Treg Taylor is named generally in his official capacity for allegedly allowing trial fraud and retaliation.[16] The Court also takes judicial notice of similar claims Plaintiff has brought in federal court.[17] Although Plaintiff names different Defendants than in previous cases, he has been informed about prosecutorial and judicial immunity and that he cannot collaterally attack a criminal conviction in federal court.[18]

---

[14] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[15] The docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[16] Docket 1 at 5.

[17] A court can take judicial notice of its own files and records. Fed. R. Evid. 201.

[18] *See, e.g., James v. Corragein* [sic] *et al.,* Case No. 3:19-cv-198-RRB, Docket 7 (Order of Dismissal: Plaintiff seeks relief from defendants who are immune from suit, and his claims are barred by *Heck v. Humphrey*).

Case No. 3:25-cv-00109-SLG, *James v. Haas, et al.*
Order of Dismissal
Page 4 of 5
Case 3:25-cv-00109-SLG   Document 4   Filed 06/06/25   Page 4 of 5

The Court finds Plaintiff's claims to be frivolous. Therefore, this case is DISMISSED with prejudice. This dismissal counts as an additional strike. As explained above, because Plaintiff has accumulated more than three strikes, he cannot file any additional cases in federal court without prepaying the full filing fee or demonstrating that he qualifies for the imminent danger exception to Section 1915. Plaintiff must not file any future claims for which he lacks a sufficient legal or factual basis.

IT IS THEREFORE ORDERED:

1. This case is **DISMISSED with prejudice.**

2. All pending motions are **DENIED as moot.**

3. This dismissal counts as an additional strike.

4. Plaintiff has accumulated **THREE STRIKES** and must not file any cases in any federal court without prepaying the filing fee unless he demonstrates that he is under imminent danger of serious physical injury at the time of filing of the complaint, and that danger is fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the court.

5. The Clerk shall issue a final judgment and close each case.

DATED this 6th day of June 2025, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00109-SLG, *James v. Haas, et al.*
Order of Dismissal
Page 5 of 5
Case 3:25-cv-00109-SLG    Document 4    Filed 06/06/25    Page 5 of 5